845 F.2d 1034
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Earl WALKER, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 87-3582.
 United States Court of Appeals, Federal Circuit.
 Feb. 18, 1988.
 
 Before FRIEDMAN, RICH, and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board) in docket No. SE315H8710132, dismissing for lack of jurisdiction the petitioner Earl Walker's appeal from his dismissal by the Department of Agriculture, is affirmed.
 
 OPINION
 
 2
 In March 1986, Mr. Walker was hired by the Department of Agriculture. His appointment, like that of most government employees, did not give him a permanent position unless and until he satisfactorily completed a one-year probationary period. In February 1987, during that probationary period, the Department dismissed him for unsatisfactory performance. Walker appealed that dismissal to the Board, which dismissed his appeal because the Board had no jurisdiction to consider it.
 
 
 3
 With two narrow exceptions, not here pertinent, the Board is not authorized to consider an appeal by a probationary employee, such as Walker, from his dismissal during his probationary period. As the administrative judge of the Board pointed out in his opinion, the Board cannot consider all cases in which a government employee wishes to challenge an adverse action against him. It may consider only those cases in which a statute, rule, or regulation authorizes it to do so.
 
 
 4
 Here, unfortunately for Mr. Walker, the Board could not consider his claim that his dismissal was improper because the Board has no authority to review a dismissal of a probationary employee. The Board therefore had no choice but to dismiss the appeal, and we similarly have no choice but to affirm the Board's decision. In taking that action, we cannot and do not consider Mr. Walker's argument that the Department of Agriculture should not have dismissed him, and nothing we do indicates any view on the correctness of that dismissal.